Manly, ¿T.
 

 The single question, presented by the ease agreed, is, whether the limitation over of the-estate given to the daughter, Ann, upon her dying without issue, be -too re
 
 *518
 
 mote. The language used in the bod}1- of the will, confers upon the daughter an absolute estate in the property; but in the codicil, the testator explains, at large, his intentions as to> this bequest, and' upon the language of this explanation the case turns.
 

 After mahing some contingent limitations to such children as Ann might leave, (into the validity of which it is not necessary for ns to enquire as she left no children) the testator proceeds to declare, “ if my said daughter, Ann Chambers, shall die without leaving lawful issue, or heirs of her body, that then, and in that case, my said son, Edward Chambers, shall deliver and convey, absolutely, the said negroes and increase, to my own heirs.”
 

 "Without insisting upon the word “ leaving” as sufficient of itself to restriet the “ time” of the event, then in the mind of the testator, and fix it at the death of the daughter, (about which there might be some difference among learned authorities on the subject) a purpose thus to fix it, is perfectly clear to our minds, when the language of that part of the codicil,, which immediately precedes it, is considered. Having made provision for the daughter during life, the testator proceeds,. “ and if my daughter, Ann, should have lawful issue, or lawful heirs of her body, living at the time of her death, then, I desire, will, and order; that my said son, Edward, trustee of my said daughter, shall deliver and convey, absolutely, at the' death of my said daughter, the said negroes and increase, to> the said lawful issue, or lawful heirs of the body of my said-daughter, Ann,, living at the time- of her death.” Then,follows the clause which- has been already quoted, viz: “'and further,, it is my intention, will, and order, if my said daughter, Ann Chambers, shall die without leaving lawful issue, or lawful heirs of her body,, that then,” &c. . It will he pereived that a disposition- of the property is here made in two al
 
 ternatives
 
 — -first, if the daughter should have issue, and
 
 second,
 
 if she should not: If she should have issue,
 
 li/oi/ng at herr
 
 death, then
 
 at her
 
 death, the property is to go to such issue
 
 living at her
 
 death: and if she should, die without
 
 lea/omg
 
 issue,, the»
 
 *519
 
 the property to be conveyed to my own heirs. If it be asked with respect to the latter part of the above clause, “ without leaving issue,” when ? can any one who has the reasonable knowledge of, or respect for the structure of our language, be at a loss for the answer ? The period of time, to which the mind of the testator was directed then, was the death of his daughter. He provides for children living at her death, and if she leave none, gives it over. Leave none when ? At her death; is the irresistible response.
 

 In the connection in which we find the word lemmg, the other words “living at her death,” is an obviously grammatical elipsis, and there was no necessity for a repetition of it to make the sense clear. To avoid tautology, the testator seems to have dropped the phrase, “ living at her death,” and use a word, which he evidently regarded as synonomous.- Most men, indeed, would so regard it, and hold that the word
 
 lem
 
 mg, in its application to a subject like the one before us, meant separation from such things as had a present existence.
 

 We are aware that refinements on the subject, have been occasionally at variance with common sense and grammar, but we do not think that any case can be found, where, in the midst of such a context, “ leaving” has not been interpreted as referring to persons then in being, and read
 
 leaving lAv-i/ng at her death.
 
 This subject has been so recently discussed in this Court,
 
 Newkirk
 
 v.
 
 Hawes,
 
 5 Jones’ Eq. 265, that we shall not elaborate it further. That case, indeed, is considered as an authority in point.
 

 It is the opinion of the Court that the limitation over to the testator’s own heirs is not too remote, but valid, and the contingency having happened upon which that limitation was to vest, the heirs are entitled. • This opinion makes it proper to reverse the
 
 pro forma
 
 judgment of nonsuit in the Court below, and to enter a judgment for the plaintiffs according to the agreement.
 

 Per Curiam;, .
 

 Judgment reversed.